THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 1200 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Mike Patel filed suit against Defendant Home Depot U.S.A., Inc. for injuries he suffered arising out of an accident on Home Depot premises in Oak Lawn, Illinois. Home Depot filed a Motion for Summary Judgment [Dkt. 54] arguing there is no issue of material fact because Home Depot did not owe a duty to Patel, that Patel voluntarily assumed the risk of injury, and the hazard was "open and obvious" under Illinois law. Because there is a genuine dispute of material fact as to where Plaintiff was standing when the accident occurred, Home Depot's Motion for Summary Judgment is denied.

## BACKGROUND

Mike Patel lives in Canada and is a Canadian citizen. (Dkt. 55 ¶ 1). Home Depot U.S.A., Inc. is a corporation created under the laws of the State of Delaware with a principle place of business in Georgia. (*Id.* ¶ 2). The accident at question occurred at the Oak Lawn, Illinois, Home Depot store on May 27, 2018. (*Id.* ¶ 3). Patel worked as an owner-operator for Midwest Transit on the day of the accident. (*Id.* ¶ 5). Patel intended to deliver four racks of plants to the Oak Lawn, Illinois, Home Depot, make more deliveries throughout the Midwest, and return to Ontario. (*Id.* ¶ 6).

1

After loading the plants, Patel left Delhi, Ontario at 5:00 p.m. on Saturday, May 26, 2018, and arrived in Oak Lawn, Illinois, on Sunday, May 27, 2018, at approximately 5:00 a.m. (*Id.* ¶ 9). The loading dock where deliveries are normally offloaded was unavailable, although it is disputed whether the dock is always closed on weekends or because it was already in use when Patel arrived. (*Id.* ¶¶ 18–20). Patel offloaded his cargo at the garden center instead of the loading docks. (*Id.* ¶ 17). The incident occurred at approximately 6:30 a.m. (*Id.* ¶ 23). There were only two Home Depot employees in the garden center at the time of the accident, Russ McWatters and Milton Baker, who attempted to off-load the accident racks from the back of the truck in the outdoor garden area and take them into the garden center on forklifts. (*Id.* ¶ 24). The racks each weighed around 650 pounds, according to R. Kevin Smith, Patel's liability expert. (*Id.* ¶ 11). Patel was not carrying anything when the incident occurred, and the surface was dry and clear of debris and obstacles. (*Id.* ¶¶ 25–26). Patel entered the trailer, removed the load bar in the trailer designed to keep the racks from moving during transit, cut the plastic around the racks, and exited the trailer. (*Id.* ¶ 27). Patel's trailer was not equipped with a liftgate and therefore the only possible and permissible way to unload the truck was by using a forklift. (*Id.* ¶¶ 28–29). The racks were unloaded with one rack on each fork, the danger of which, according to Smith, "should have been obvious to Mr. McWatters that trying to handle two racks, with only one lift truck fork inserted under each rack at the narrow side, with the forks coming up short of supporting the rack frames, was an unsafe method." (*Id.* ¶ 31; Dkt. 57 ¶ 31). Patel told McWatters twice that the racks could not be offloaded with one rack on each fork. (*Id.* ¶ 32). A disputed question of fact is where Patel was standing prior to the racks falling and where he was standing when the rack fell on him. (*Id.* ¶ 38, Dkt. 57 ¶ 38). The remaining facts as to where Patel was directed to stand, when the racks began to fall, and whether Patel ran towards the racks as they began to fall, are heavily disputed in

the record.  Patel was behind the trailer even with the door and four to five feet from the forklift "when everything fell on [him]," i.e. both racks fell on him.  (Dkt. 55 ¶¶ 44–45).  Patel was then transported to the hospital where he was diagnosed with a right ankle fracture and placed in a cast.  (*Id.* ¶ 46).  Patel told the doctor that he would be fine driving from Oak Lawn, Illinois, to Canada, and then returned to Home Depot to pick up his truck, leaving at approximately 2:00 a.m., driving straight home to Ontario.  (*Id.* ¶¶ 47 – 48).

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019).  The parties genuinely dispute a material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party."  *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted).  The Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in his favor."  *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment."  *Id.*

## DISCUSSION

Home Depot has moved for summary judgment, arguing that Patel voluntarily assumed the risk, that the condition was open and obvious, and therefore Home Depot did not owe Patel a duty. A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana*, 259 F.3d 619 (7th Cir. 2001). The non-moving party must produce "more than a scintilla of evidence to support his position." *Id*. Patel has met this burden and therefore summary judgment is inappropriate.

### I.    Assumption of the Risk

Home Depot first argues that summary judgment is appropriate as Patel assumed the risk. "Traditionally, courts have classified the doctrine of assumption of the risk into three categories: (1) express assumption of the risk; (2) primary implied assumption of the risk; and (3) secondary implied assumption of the risk." *Country Mut. Ins. Co. v. Sunbeam Products, Inc*., 500 F.Supp.2d 986, 990 (N.D. Ill. 2007) (Kendall, J.) (quoting *Evans v. Lima Lima Flight Team, Inc*., 869 N.E.2d 195, 206 (Ill. 2007). Express assumption of the risk is found where an individual has explicitly agreed, in advance, to relieve another of a legal duty owed to him or her. *Id.* (citing *Duffy v. Midlothian Country Club*, 481 N.E.2d 1037, 1041 (Ill. 1985)). Primary implied assumption of the risk is found where the conduct of the parties indicates that an individual has implicitly consented to encounter an inherent and known risk, thereby excusing another from a legal duty which would otherwise exist, whereas secondary assumption of the risk occurs where the defendant's negligence created a danger that was apparent to the injured party, who nevertheless voluntarily chose to encounter. *Id.* However, "as secondary implied assumption of the risk functions in a similar manner as contributory negligence, the introduction of comparative fault abolished this doctrine

and it no longer operates as a complete bar in negligence actions." *Id.* (quoting *Evans*, 869 N.E.2d at 206).

Home Depot does not specify under which branch of the assumption of the risk they are proceeding, but the cases Home Depot cites suggests that they are arguing under the secondary implied assumption. Home Depot posits that, like in *Hastings v. Exline*, 760 N.E.2d 993 (Ill. App. Ct. 2001) and *Kun Mook Lee v. Young Rok Lee*, 149 N.E. 3d 551 (Ill. App. Ct. 2019), Patel saw the danger and nonetheless proceeded. The facts do not bear this out at this juncture. It is undisputed that Patel told McWatters twice that unloading a rack on each fork was too dangerous. But it is disputed in the Baker and McWatters depositions that Patel was told to stand eight feet away, that he ran toward the racks, and that he placed himself where the racks could fall on him. (*See* Dkt. 57 ¶ 38). Home Depot seeks to blame Patel, saying that if he had stayed in his cab, he would not have been injured. But Patel's deposition testimony indicates McWatters asked Patel to watch while he unloaded the racks, and to let him know when the racks had cleared the trailer. (*Id.*). The facts do not show that, while Patel was aware of the risk, he saw the danger and proceeded nonetheless. The facts heavily dispute both whether Patel was aware of the danger and whether he proceeded, either to stand in the danger zone or to run towards the falling racks, despite the danger. A reasonable juror could find in favor of either Home Depot or Patel based on the competing evidence and thus summary judgment is inappropriate here.

## II.    Home Depot's Duty and the Open and Obvious Exception

Home Depot next argues that it did not owe Patel a duty, and that in any event, the condition of the risk was open and obvious so as to obviate any duty owed. The parties do not dispute the law at issue here. In order to prevail on his negligence claim, Plaintiff must demonstrate: (1) a duty was owed to the Plaintiff; (2) Defendant breached that duty; and (3) that Plaintiff's injury

was proximately caused by the breach. *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018) (citing *Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 519 (2010)). The four factors courts typically consider in determining whether a duty exists are: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. *Id.*

Home Depot argues that a duty did not exist here because the risk was open and obvious. In Illinois, the open and obvious doctrine is an "exception to the general duty of care owed by a landowner." *Dunn*, 880 F.3d at 906 (citing *Park v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 960 N.E.2d 764, 769 (Ill. 2011)). The exception exists because "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996); *see also Ward v. K Mart Corp.*, 554 N.E.2d 223, 230 (Ill. 1990) ("Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition."). Under the exception "'[o]bvious' means that 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (2014) (quoting Restatement (Second) of Torts § 343A cmt. b (1965)). "Whether a dangerous condition is open and obvious may present a question of fact," but if there is no dispute as to the "physical nature" of a condition, whether it is open or obvious is a question of law. *Id.*

A finding that a condition is open and obvious does not preclude the existence of a duty and is instead used by courts in evaluating the first two factors of the duty inquiry: the

foreseeability and likelihood of injury. *Id.* Under the first factor, the open and obvious nature of a condition mitigates the reasonable foreseeability of injury, because it is reasonable for a defendant to expect that a plaintiff will avoid an open and obvious danger. *Id.* at 694. Likewise, the likelihood that a plaintiff will avoid an open and obvious danger reduces the likelihood of injury under the second factor. *Id.* at 695. After analyzing the open and obvious danger as outlined above, a court considers the magnitude and consequences of placing a burden on the defendant. *Id.*

First, the open and obvious exception does not apply here. In cases where the open and obvious exception applies, traditionally the plaintiff affirmatively performed an action despite the presence of some obvious danger. The exception has applied where the plaintiff pulled a rack of insulation down, despite acknowledging that it was precarious and the presence of warning signs, *Dunn*, 880 F.3d at 907–08; where a twelve-year-old boy skateboarded through the aisles of a Target, *Gutterman v. Target Corp.*, 242 F.Supp.3d 695, 702 (N.D. Ill. 2017); where the plaintiff ignored open and obvious sidewalk defects and injured himself by falling in an excavation pit, *Rexroad v. City of Springfield*, 796 N.E.2d 1040, 1046–47 (Ill. 2003); where the plaintiff dived from a seawall into lake water of an unknown depth and discussing how traditional open and obvious cases are those pertaining to fire, height, and bodies of water, *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 832–33 (Ill. 1996); and where the plaintiff ignored the obvious danger of a shallow gutter and twisted his knee while inspecting his truck, *Price v. Int'l Paper Co.*, No. 17-cv-06097, 2020 WL 6044288, *4 (N.D. Ill. Oct. 13, 2020).

In comparison to the above cases, it is disputed whether Plaintiff took any affirmative action to place himself in danger. Plaintiff was not pulling down the racks himself, in fact, he was warning Home Depot employees that they were engaging in a dangerous activity and was

7

attempting to stand a safe distance away, although the actual distance is in dispute. Home Depot relies on the undisputed facts that Patel admits that the racks were heavy, that he watched the operation carefully, and that he warned McWatters that the operation was dangerous and unsafe. But that does not make the open and obvious exception apply.

First, the open and obvious inquiry looks at an objectively reasonable person, and so the Plaintiff's subjective knowledge, while in dispute here anyway, is irrelevant. *Dunn*, 880 F.3d at 908. The facts show that three grown men, two of whom were trained by Home Depot, were engaged in the activity of unloading the racks, so it is difficult to say that a reasonable person would recognize the activity was openly and obviously dangerous such that Plaintiff should have stayed in the cab of his vehicle. In any event, the better analysis does not ask whether a reasonable person would know the racks were heavy and dangerous, but that he knew he was standing in a zone where they could feasibly injure him and did not move despite the obvious danger. As discussed above, the facts are in dispute where Patel was standing was so open and obvious as to put him in grave danger and whether he lunged toward the racks.

This leaves only the magnitude of the burden that placing a duty on Home Depot in this case would create and the consequences of imposing such a burden. The magnitude of a burden reflects financial considerations relative to the specific condition at issue, whereas the consequences of a burden reflect broader, systemic concerns. *See Bruns*, 21 N.E.3d at 695; *Bucheleres*, 665 N.E.2d at 836–37. Home Depot argues that the burden imposed on it would be onerous because Patel's truck did not have a lift gate, the loading dock was a block away, closed, and full of other companies' trailers, and the racks could not be turned. The facts are in dispute as to these assertions. It is unclear why Home Depot did not use the loading dock. (*See* Dkt. 57 ¶¶ 18–20, 29). It is also disputed whether McWatters and Baker were properly offloading the racks

in accordance with Home Depot's safety measures. (*Id.* at ¶ 24, 29). There is nothing to indicate that Home Depot properly following its own safety procedures would place an onerous burden on it. This is not akin to other cases where courts have found the burden too onerous on the defendant as it would be requiring them to take additional costly measures. *Gutterman*, 242 F.Supp. 3d at 703–04 (requiring a retailer to patrol various items that could cause harm if used improperly by customers while browsing was too high of a burden); *McCarty v. Menards*, 319 F.Supp.3d 974, 988–89 (N.D. Ill. 2018) (declining to impose burden of constantly monitor premises after a sign injured the plaintiff); *Rosales v. Menard, Inc*., No. 17 C 1131, 2018 WL 2299232, at *3 (N.D. Ill., May 21, 2018) (finding that imposing burden of disallowing customers from transporting two-by-fours would be too high a burden in hardware store); *Caselberry v. Home Depot U.S.A., Inc*., No. 17 C 5322, 2019 WL 10894136 (N.D. Ill. Sept. 18, 2019) (finding that eliminating or decreasing the use of hoses would damage Home Depot's plants and flowers after plaintiff tripped on hose). Home Depot seems to offer their own additional low-cost safety procedure that they may implement in the future: requiring drivers to stay in the cab of their trucks. Home Depot repeatedly attempts to place the burden on Patel, stating that he should have stayed in the cab of his truck, but that was not a safety requirement when Patel was injured and the Court declines to place the burden on Patel when the facts are so heavily in dispute and he may have been following directions given to him by Home Depot employees.

## **CONCLUSION**

Because there is a dispute of material fact, Defendant's Motion for Summary Judgment

[Dkt. 54] is denied.

Virginia M. Kendall
United States District Judge

Date: November 30, 2020